PER CURIAM.
This is an appeal and a cross-appeal from a final judgment of $5,000 in favor of the plaintiff-seller for breach of a deposit receipt contract by the defendants.
Trial of this cause was held non-jury. The evidence demonstrated that on February 9, 1970 the plaintiff and defendants, Michael Codella and Arlene Doll Homes, Inc., entered into a deposit receipt agreement. Plaintiff agreed to sell a leasehold interest in certain real property to the defendants for $50,000. The contract provided that $10,000 would be held in escrow by the defendant Commonwealth Land Title Insurance Company (hereinafter Commonwealth). In addition, it was agreed that the transaction would close in 30 days or that the closing date must be extended by the written consent of the parties and that the transaction was subject to the purchaser’s negotiation of a new lease satisfactory to the purchaser.
On January 30, 1970, ten days before the deposit receipt contract was entered into, defendant, Codella, delivered to Commonwealth a $10,000 check. Codella informed a title officer of Commonwealth, Charles Duris, that he and an associate were negotiating to purchase an interest in land. He presented Mr. Duris a deposit receipt form which contained neither Mr. Codella’s name nor the name of any seller or broker. The form contained only an unwitnessed signature of the president of Arlene Doll, Inc. Mr. Duris testified that the check was given to him with instructions not to deposit the same until he received definite word that a final contract had been negotiated and the proposed seller had notified him regarding distribution of the proceeds. Mr. Duris gave Mr. Codella a written receipt for the $10,000 check with the notation that a deposit receipt agreement was “not yet accepted.”
The contract of February 9 was never closed. The defendants were able to negotiate a new lease, after the 30-day closing period. An extension of the closing was *442 not agreed to in writing by the parties, but the evidence clearly showed that the defendants continued their efforts to negotiate the new lease after the 30-day period. The defendants, however, refused to close the transaction.
Thereafter, in June, 1970, Commonwealth learned for the first time that the plaintiff and defendants, Codella and Arlene Doll, Inc., had entered into an agreement on February 9, when Mr. Codella sought to have the check returned. Whereupon, instead of returning the check, the title company deposited it, and it was dishonored. Plaintiff instituted this action seeking recovery of the full $10,000 to which it claimed it was entitled under the contract. Following the trial, the court entered its final judgment awarding the plaintiff $5,000 together with interest and costs. All the parties have appealed the judgment.
Plaintiff contends the court erred by failing to award it $10,000 plus attorney fees. We disagree. The pertinent provision of the deposit receipt contract reads as follows:
“ . . . otherwise the herein named Escrow Agent is hereby directed by both seller and purchaser to divide the money being held by said Escrow Agent between the seller and broker herein named as hereinafter provided . It is further agreed that in case of default by the purchaser, the seller may, at his option take legal action to enforce this contract, in which event the purchaser shall pay reasonable attorney fees and court costs; or else the seller may at his option retain one-half of the deposit herein paid as consideration for the release of the purchaser by the seller from any and all further obligations under this contract to the seller, which release shall be implied from such act of retention by the seller.”
Plaintiff independently drew up an agreement with the broker in this transaction, prior to entering into the contract with the purchasers, which provided that a commission would be payable to the broker only if the transaction actually were closed. Plaintiff argues that it thereby became entitled to the broker’s one-half share of the deposit held in escrow and should have received the full $10,000. We do not think that a reasonable construction of the language of the contract supports the plaintiff’s contention. See 7 Fla.Jur. Contracts § 84.
For the same reason, the trial court did not err in its denial of attorney’s fees to the plaintiff, since by its complaint plaintiff chose to seek liquidated damages from the deposit put in escrow which under the terms of the contract did not entitle it to attorney’s fee.
On cross-appeal, the defendants argue that the plaintiff should have received nothing because the contract was not closed within 30 days, and an extension was not consented to in writing by the seller and buyer. Therefore, the contract was cancelled by its own terms. This point lacks substantial merit because the evidence in the record clearly demonstrates that this provision in the contract was waived by the parties. See Ferre Florida Corporation v. B & B Auto Parks, Inc., Fla.App.1971, 254 So.2d 795; 7 Fla.Jur. Contracts § 144.
The defendant, Commonwealth, also seeks reversal on the ground that no legally enforceable claim exists because a valid escrow arrangement never was established. There is merit to this contention.
When the check was delivered to Commonwealth by Mr. Codella, there was no contract extant. The check was held, at the prospective purchaser’s instruction, until June 1970, when it was dishonored. Not until then did Commonwealth know of the existence of a binding contract, nor did it know that the plaintiff, as the seller, was its principal. Under these circumstances, we hold that it was not liable as escrow agent to the plaintiff.
*443 Therefore, for the reasons stated and upon the authorities cited, the judgment of $5,000 against the defendants, Codella and Arlene Doll Homes, Inc., is affirmed. The judgment against Commonwealth, however, is hereby reversed.
Affirmed in part; reversed in part.